CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 30 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH BOWLER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07CV00565 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TRACY S. RAY, et al., | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Joseph Bowler, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that on November 19 and 20, 2004, officers at Red Onion State Prison violated his constitutional rights by threatening his life, slamming his head into a wall, and causing "aches to [his] head." Upon review of the record, the court finds that the case must be filed and dismissed, as it is clear that Bowler has not yet exhausted his administrative remedies as required under 42 U.S.C. §1997e(a).

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. Title 42, Section 1997e(a) as amended by the PLRA requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). Under the plain language of the statute, exhaustion of administrative remedies is a "prerequisite to suit" in the prisoner's civil rights context. See Nussle v. Porter, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that the Section 1997e(a) exhaustion of administrative remedies requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other

1

wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To satisfy §1997e(a) before filing his §1983 action, an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

The court takes judicial notice of the Virginia Department of Corrections (VDOC) Division Operating Procedure (DOP) 866, the grievance procedure available to Bowler at Red Onion. Under DOP 866, an aggrieved inmate must follow three distinct steps to exhaust the procedure's remedies. First, he must make a good faith effort to resolve the issue informally, by pursuing an informal complaint. DOP 866-7.13. If the inmate is not satisfied with the response to the informal complaint, he may file a regular grievance within 30 days from the occurrence or incident or from the discovery of the occurrence or incident, whichever date is later. DOP 866-7.14. The inmate must attach the informal complaint to his regular grievance form or explain in the regular grievance text his informal attempts to resolve the problem. Id. at (1). If the regular grievance meets intake requirements, the grievance coordinator will log it for processing and send the inmate a receipt. Id. at (2). DOP 866 provides for three levels of review for regular grievances, although most complaints qualify for only two levels of review. DOP 866-7.15

It is clear from the complaint that Bowler cannot have exhausted his administrative remedies under DOP 866 regarding any of his claims before he filed his complaint on or about November 22, 2007. He does not state that he filed any grievances concerning the alleged incidents on November

2

19 and 20, 2007. Although he submits a verified statement form regarding exhaustion of grievance remedies, it is blank. Even if he did begin the grievance procedures on the dates of the incidents, the court finds no possibility that he completed all the required procedural steps before filing this complaint. As he thus failed to comply with 42 U.S.C. §1997e, the court will dismiss his complaint without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 30th day of November, 2007.

/s/ James C. Turk
Senior United States District Judge

3